The opinion of the court was delivered by
Breaux, J.
The relator alleges that he has been sentenced to ten years’ hard labor in the penitentiary.
That he has taken an-appeal from the sentenee._
That the order of appeal has been properly entered in the minutes.
That his counsel- directed the clerk of the court to make a transcript of appeal.
Respondent refused to make this transcript.
He filed an exception and an answer.
He alleges by way of exception that he can not be made to complete the transcript, as there is no order of appeal, the presiding judge not having approved the minutes.
In his answer he alleges that he has a right to fees for his transcript and ,to security to insure their payment.
The admitted facts_are that the defendant and relator was sentenced.
That an order of appeal was granted; that the illness of the judge prevented him from signing the minutes on the last day of the term.
That they were sighed at chambers the day that the application for a mandamus was heard.
The exception was dismissed.
On the merits relator’s prayer was granted.
If there .is any illegality arising from the facts that the minutes were not signed on the last day of the term this can not avail the respondent, an officer of the court.
If the appeal is informal, the informality can be decreed contradictorily with the defendant only: that is, the defenant in the case of the State of louisiana against Aug. Black. The order of appeal has been granted; whether it is legal or illegal is of no importance whatever in so far as the respondent is concerned.
As to him it must be considered a legal order of appeal.
The exception was properly dismissed.
The defence on the merits is equally as unfounded.
*639 After the appeal has been granted the clerk should make the transcript of the record 'and forward it to the clerk of this court on or before the return day. R. S. 1002.
He can not require prepayment or security.
The appeal is suspensive; the appellant has no bond to furnish. Act 30 of 1878.
In the case of the State vs. Cheney (vide Manning’s unreported cases, p. 394), it was decided that the clerk of our court is without authority to require a deposit of money in criminal cases.
It was contended by him that the law prohibiting him from requiring a bond, to secure costs, did not exclude the right to require a deposit of money.
The court held in that case:
“ In enacting that the clerk of the court shall not require any security for costs, it includes ex vi termini, the prohibition of demanding any deposit of money.”
In the case at bar, the respondent alleges that he “did not exact payment in advance for the transcript of appeal, but demanded security.
The State having chosen to grant the right of appeal without bond the clerks can not impair or in the least abridge it by requiring security.
Respondent contends that, under Sec. 2 of Act 19 of 1886, he can require security for the payment of such costs as may accrue “after the party accused has been tried, convicted and condemned to pay costs.”
The conviction meant in this act is the conviction decreed to be legal by the court of last resort; until it be decreed legal by that court, the question of the payment of costs can not arise.
The respondent can not require security to ensure the payment of the transcript, in the event that the judgment against the accused be affirmed, nor can he require a deposit of money for cost.
Judgment affirmed.